UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

US,

        Plaintiff,

  v.

ALFRED PALAGONIA,

        Defendant.

**DECLARATION IN SUPPORT**

Case No.: 00-CR-196

Assigned To: Hon. I. Leo Glasser

---

JOHN F. HARWICK, ESQ., pursuant to USC §1746, hereby affirms the following:

1. This cause comes before the Court on Motion of Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments for participation in restitution associated with Alfred Palagonia, pursuant to the Mandatory Victims Restitution Act ("MVRA"), in the above-entitled matter. It is submitted that movants are entitled to $513,519.00 representing a loss on two stocks purchased by the Gottdieners, which stocks were part of the Palagonia indictment, 00-CR-196.

2. Ernest Gottdiener, Judith Gottdiener, Ervin Tausky and Suan Investments (collectively "Gottdiener") have secured a Judgment against Alfred Palagonia in a civil action for stock fraud in the amount of $1,412,792.47 as of June 25, 2007, with

HACKER
MURPHY,
LLP
ATTORNEYS AT LAW

interest continuing. The arbitration Award, Judgment and Transcript of Judgment are attached hereto as Exhibit "A".

3. Al Palgonia was indicted for violation of several Federal statutes amounting to, in essence, stock fraud. (Attached hereto as Exhibit "B".)

4. The aforementioned Judgment was predicated upon proceedings before the National Association of Securities Dealers. A copy of the Second Amended Statement of Claim is attached hereto as Exhibit "C".

5. A comparison between the indictment and the Statement of Claim attached hereto establishes two stocks for which the Gottdieners have a Judgment, and for which Alfred Palagonia was indicted for fraud, they are: U.S. Bridge of New York - loss of $367,914.15 and Holly Bridge Products, Inc. - loss of $145,605.75. The total loss with respect to just these two stocks is $513,519.90. Because the defendant has been convicted upon a plea with respect to these two stocks, stocks for which the Gottdieners have also secured a civil Judgment, it is submitted that Mr. Palagonia is liable for restitution to the Gottdieners, victims to his crimes.

6. The MVRA defines a "victim" as:

> A) Person directly and proximately harmed as a result of the commission of any offense for which restitution may be ordered including, in the case of an offense that involves as an element

a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. 18 USC §3663A(a)(2); see also 18 USC §366(a)(1)(A). If, as here, the victims of the crimes are deceased, the Court must order restitution payable to the victim's estate. 18 USC §3663(A)(a)(1).

The MVRA specifically provides for restitution to "the victim for income lost by such victim as a result of the offense" and states that the restitution amount shall represent "the full amount" of the victim's loss. 18 USC §3663(A)(B)(2)(C); §3664(F)(1)(A). Applied to the present case, the inquiry centers on the stocks for which the Gottdieners were defrauded, and for which Mr. Palagonia was convicted. This loss, in the amount of $513,519.90, is the amount for which the Gottdieners seek full restitution.

7. The Gottdieners further seek interest as of the date of the final Judgment dated July 31, 2007, accruing at the Federal interest rate specified in 28 USC §1961. It is submitted that the amount sought herein is reasonable and conservative given that the Gottdieners lost nearly three times that amount due to Mr. Palagonia's actions. For reasons unknown to the Gottdieners, however, those other investments were not part of the indictment, and therefore no relief with respect to them is

HACKER
MURPHY,
LLP
ATTORNEYS AT LAW

sought herein.

8. The Gottdieners' request does not include indirect loss or consequential damages, but direct damages attributable to their lost investments. The Gottdieners are mindful that indirect loss or consequential damages shall not be included in any restitution Order, and that only direct, actual losses are appropriate. <u>United States v. Frith</u>, 461 F.3d 914, 921 (7th Circuit 2006), citing 18 USC §3663(A)(a)(2); <u>United States v. George</u>, 403 F.3d 470, 474 (7th Circuit 2005) ("loss means direct injury, not consequential damages").

9. We have attempted to resolve our claim for participation in the Victims Fund through direct contact with the U.S. Attorney. However, we have been unsuccessful. We have been advised that although funds have been collected, there is no established mechanism by which victims may apply for participation. (See Exhibit "D" attached hereto.)

10. Based upon the foregoing, it is submitted that Gottdiener's calculation is fair and reasonable, is not speculative, and is proper for an Order directing the U.S. Attorney's office to place the Gottdieners on the list of victims for which restitution must be provided. It is submitted that the Gottdieners have sustained their burden of demonstrating losses sustained as victims, and that the loss was reasonably foreseeable by Mr. Palagonia when he committed his

crimes. The Gottdieners therefore respectfully request the Court Order distribution of restitution proceeds to the Gottdieners in the amount of $513,519.90.

DATED: December 14, 2011

Respectfully submitted,

HACKER MURPHY, LLP

By: _____
JOHN F. HARWICK, ESQ.
Bar Roll No.: JH5253

Attorneys for Ernest Gottdiener,
Judith Gottdiener, Ervin Tausky,
& Suan Investments
7 Airport Park Boulevard
Latham, New York 12110
(518) 783-3843

cc: MARY DICKMAN, ESQ.
   U.S. Attorneys Office
   Eastern District of New York
   271 Cadman Plaza East
   Brooklyn, New York 11201-1820
   (Case No.: 03-2908)