**EXHIBIT "A"**

07/-1489

04/07/2008

03 CV 2908 RO

**JUDGMENT**

| How Obtained: | Dates | Attorney | Names of Parties against whom judgment has been obtained | Names of Parties in whose favor judgment has been obtained | Amount | Costs | When Satisfied |
|---|---|---|---|---|---|---|---|
| Judgment | Signing: 07/31/2007 Filing: 07/31/2007 | | D.H. BLAIR & CO., INC., KENTON E. WOOD, AND ALFRED PALAGONIA, JOINTLY AND SEVERALLY | ERNEST GOTTDIENER, JUDIT GOTTDIENER, ERVIN TAUSKY, AND SUAN INVESTMENTS | $1,412,792.47 | $0.00 | / / |

DH Blair & Co., Inc.
400 Madison Ave., Suite 2B
New York, New York 10017

Ernest Gottdiener & Judit Gottdiener
30 South Adelaide Ave., Apt. 3E
Highland Park, NJ 08904

Kenton E. Wood
667 County Route 403
Greenville, New York 12803

Ervin Tausky
30 South Adelaide Ave., Apt. 3E
Highland Park, NJ 08904

Alfred Palagonia
65 Whilporwill Lane
East Quogue, New York 11942

Suan Investments
30 South Adelaide Ave., Apr. 3E
Highland Park, NJ 08904

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office and that the above judgment has not been satisfied of record.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the Seal of said Court this 7 day of April, two thousand and eight

J. Michael McMahon, Clerk

by _____ Deputy Clerk

United States District Court for
the Southern District of New York

| | |
|---|---|
| Application of<br><br>D.H. BLAIR & CO., INC., and KENTON E. WOOD, individually and as Director and Chief Executive Officer of D.H. BLAIR & CO., INC.<br><br>                       Petitioners,<br><br>-against-<br><br>ERNEST GOTTDIENER, JUDIT GOTTDIENER, ERVIN TAUSKY, SUAN INVESTMENTS, D.H. BLAIR INVESTMENT BANKING CORP., J. MORTON DAVIS and ALFRED PALAGONIA,<br><br>                       Respondents. | CASE NO. 03 CIV 2908 (RO)<br><br>***Order of***<br>***Final Judgment***<br>(Reserving jurisdiction regarding attorney's fees and costs) |

    This matter came on for hearing before the Court, Honorable Richard Owen, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

    It is Ordered and Adjudged:

1.    that the Respondents Ernest Gottdiener, Judit Gottdiener, Ervin Tausky, and Suan Investments recover of the Petitioners D.H. Blair & Co., Inc. and Kenton E. Wood and Respondent Alfred Palagonia, jointly and severally, the sum of $675,000 with interest thereon at the legal rate in Florida from May 22, 1995 until the date of judgment (total interest from May 22, 1995 until June 25, 2007 is $737,192.47, Florida per diem interest for 2007 is $203.45) for a total of $1,412,792.47 as of June 25, 2007; and

2.    Post judgment interest shall accrue at the federal interest rate specified in 28 U.S.C. §1961 on the partial judgment amount including pre-judgment interest.

MARK A. TEPPER, P.A.
3109 Stirling Road, Suite 101
Fort Lauderdale, Florida 33312

Page 1 of 2

3.  This Court reserves jurisdiction to determine entitlement and amount of attorney's fees and costs pursuant to the arbitration award.

4.  Execution shall issue on the Judgment.

SO ORDERED

Dated at New York, New York this __31__ day of __July__, 2007.

_____
Judge Richard Owen

# Award
## NASD

In the Matter of the Arbitration Between:

Names of Claimants
Judit Gottdiener
Suan Investments Corporation
Ervin Tausky
Ernest Gottdiener

Case Number: 00-02128

Names of Respondents
Prudential Securities Incorporated
D.H. Blair & Co., Inc.
D.H. Blair Investment Banking Corp.
J. Morton Davis
Kenton E. Wood
Wexford Clearing Services Corporation
Al Palagonia

Hearing Site: Boca Raton, Florida

## REPRESENTATION OF PARTIES

For Judit Gottdiener, Suan Investments Corporation, Ervin Tausky and Ernest Gottdiener, collectively referred to as "Claimants": Jay R. Liner, Securities Recovery, Inc., Baltimore, Maryland. On or about January 7, 2002, Mark Tepper, Esq., Mark A. Tepper, P.A., Fort Lauderdale, Florida, substituted as counsel.

For Prudential Securities Incorporated ("Prudential"): Lorraine J. Feldman, Esq., Proskauer & Rose, LLP, New York, New York. The law firm of Proskauer & Rose withdrew as counsel, and Matthew D. Parrott, Esq., Rosenman & Colin, LLP, New York, New York, appeared as counsel.

For D.H. Blair & Co., Inc.: John D. Singer, Esq. and Tara Borelli, Esq., Proskauer Rose, LLP, New York, New York. On or about June 7, 2002, the law firm of Proskauer Rose withdrew as counsel. On or about July 9, 2002, Aimee E. Cain, Esq., Bettina D. Hindin, Esq., Jay Fialkoff, Esq., Jayson D. Glassman, Esq. and Mark D. Marderosian, Esq., Moses & Singer LLP, New York, New York, appeared as counsel.

For D.H. Blair Investment Banking Corp.: Lawrence S. Bader, Esq. and W. Craig Williams, Esq., Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., New York, New York. On or about June 28, 2002, the law firm of Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., withdrew as counsel. On or about July 8, 2002, William M. Moran, Esq. and Roger R. Crane, Jr., Esq., McCarter & English, LLP, New York, New York, appeared as counsel. On or about October 25, 2002, Roger R. Crane, Jr., Esq. transferred to the law firm of Nixon Peabody, LLP, New York, New York, and continued representation.

For J. Morton Davis ("Davis"): Lawrence S. Bader, Esq. and W. Craig Williams, Esq., Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., New York, New York. On or about June 28, 2002, the law firm of Morvillo,

NASD
Arbitration No. 00-02128
Award   Page 2 of 9

Abramowitz, Grand, Iason & Silberberg, P.C., withdrew as counsel. On or about July 8, 2002, William M. Moran, Esq., and Roger R. Crane, Jr., Esq., McCarter & English, LLP, New York, New York, appeared as counsel. On or about October 25, 2002, Roger R. Crane, Jr., Esq. transferred to the law firm of Nixon Peabody, LLP, New York, New York, and continued representation.

For Kenton E. Wood ("Wood"): Marcy Ressler Harris, Esq., Schulte Roth & Zabel, LLP, New York, New York. On or about October 10, 2000, William M. Moran, Esq. and Roger R. Crane, Esq., McCarter & English, LLP, New York, New York, appeared as counsel. On or about November 1, 2000, the law firm of Schulte Roth & Zabel withdrew as counsel. On or about August 22, 2002, Aimee E. Cain, Esq., Jayson D. Glassman, Esq. and Mark D. Marderosian, Esq., Moses & Singer LLP, New York, New York, substituted as counsel.

For Wexford Clearing Services Corporation ("Wexford"): Lorraine J. Feldman, Esq., Proskauer & Rose, LLP, New York, New York. The law firm of Proskauer & Rose withdrew as counsel. On or about May 9, 2001, Matthew D. Parrott, Esq., Stephen L. Ranter, Esq. and Caroline K. Hall, Esq., Rosenman & Colin, LLP, New York, New York, appeared as counsel.

Al Palagonia ("Palagonia") did not appear.

## CASE INFORMATION

Statement of Claim filed on or about: May 17, 2000.

First Amended Statement of Claim filed on or about: December 19, 2000.

Second Amended Statement of Claim filed on or about: June 22, 2001.

Claimant Ernest Gottdiener signed the Uniform Submission Agreement on: May 15, 2000.

Claimant Judit Gottdiener signed the Uniform Submission Agreement on: May 15, 2000.

Claimant Ervin Tausky signed the Uniform Submission Agreement on: August 10, 2001.

Claimant Suan Investments Corporation signed the Uniform Submission Agreement on: May 15, 2000.

Statement of Answer and Motion to Dismiss filed by Respondent Prudential on or about: May 9, 2001.

Statement of Answer filed by Respondent D.H. Blair & Co., Inc. on or about: October 10, 2000.

Statement of Answer and Motion to Dismiss filed by Respondent D.H. Blair Investment Banking Corp. on or about: September 5, 2000.

Statement of Answer and Motion to Dismiss filed by Respondent Davis on or about: September 5, 2000.

Statement of Answer and Consolidated Motion to Dismiss filed by Respondent Wood on or about: October 23, 2000.

NASD
Arbitration No. 00-02128
Award   Page 3 of 9

Claimants' Supplemental Response to Statement of Answer and Motion to Dismiss as to Respondents D.H. Blair Investment Banking Corp. and Davis, filed on or about: November 1, 2000.

Respondent Prudential signed the Uniform Submission Agreement on: December 14, 2000.

Respondent D.H. Blair & Co., Inc. signed the Uniform Submission Agreement on: August 8, 2001.

Respondent D.H. Blair Investment Banking Corp. signed the Uniform Submission Agreement on: July 17, 2000.

Respondent Davis signed the Uniform Submission Agreement on: July 17, 2000.

Respondent Wood signed the Uniform Submission Agreement on: October 23, 2000.

Statement of Answer and Motion to Dismiss filed by Respondent Wexford on or about: May 9, 2001.

Claimants' Supplemental Submission in Response to Respondents Davis, D.H. Blair Investment Banking Corp., Prudential and Wexford's Motions to Dismiss, filed on or about: June 13, 2001.

Respondent Wexford signed the Uniform Submission Agreement on: August 14, 2001.

Motion to Dismiss Second Amended Statement of Claim filed by Respondent D.H. Blair & Co., Inc. on or about: April 25, 2002.

Respondent D.H. Blair & Co., Inc.'s Reply to Claimants' Opposition to D.H. Blair & Co., Inc.'s Motion to Dismiss, filed on or about: May 15, 2002.

Claimants' Opposition to Respondent D.H. Blair & Co., Inc.'s Motion to Dismiss, filed on or about: May 24, 2002.

Respondent Wood's Reply to Claimants' Supplements, filed on or about: June 10, 2002.

Respondent Wood's Reply in Support of his Motion to Dismiss and Respondent Wood's Consolidated Motion to Dismiss and Statement of Answer to the Amendments to the Statement of Claim, filed on or about: June 21, 2002.

Supplement to Motion to Dismiss filed by Respondents D.H. Blair Investment Banking Corp. and Davis on or about: July 24, 2002.

Claimants' Response to Respondents' Supplement to Motion to Dismiss, filed on or about: July 30, 2002.

Respondent Palagonia did not file a Statement of Answer or executed Uniform Submission Agreement.

NASD
Arbitration No. 00-02128
Award   Page 4 of 9

## CASE SUMMARY

Claimants alleged the following causes of action: 1) breach of fiduciary duty; 2) negligent supervision; 3) fraud; and 4) violation of the Florida Securities and Investor Protection Act, specifically Section 517.301. Claimants alleged that the respondents operated a rigged market in various securities underwritten by Respondent D.H. Blair Investment Banking Corp. ("Blair house stocks") and engaged in stock fraud and manipulation to induce Claimants to purchase various Blair house stocks.

Respondents Prudential, D.H. Blair & Co., Inc., D.H. Blair Investment Banking Corp., Davis, Wood and Wexford denied the allegations made in the Statement of Claim and asserted various affirmative defenses and motions to dismiss.

## RELIEF REQUESTED

Claimants requested in their Statement of Claim: 1) compensatory damages in the amount of $2,100,000.00 for direct portfolio losses; 2) interest; 3) return of commissions in the amount of $5,000,000.00; 4) punitive damages in the amount of $21,300,000.00; 4) costs; and 5) attorneys' fees.

Respondent Prudential requested: 1) dismissal of the Statement of Claim; 2) costs; 3) attorneys' fees; and 4) such other relief the undersigned arbitrators (the "Panel") deemed just and proper.

Respondent D.H. Blair & Co., Inc. requested: 1) dismissal of the Statement of Claim; 2) costs; 3) attorneys' fees; and 4) such other relief the Panel deemed just and proper.

Respondent D.H. Blair Investment Banking Corp. requested: 1) dismissal of the Statement of Claim; 2) expungement of all reference to the above captioned arbitration from Respondent D.H. Blair Investment Banking Corp.'s registration records maintained by the NASD Central Registration Depository ("CRD"); and 3) such other relief the Panel deemed just and proper.

Respondent Davis requested: 1) dismissal of the Statement of Claim; 2) expungement of all reference to the above captioned arbitration from Respondent Davis' registration records maintained by the NASD CRD; and 3) such other relief the Panel deemed just and proper.

Respondent Wood requested: 1) dismissal of the Statement of Claim; 2) expungement of all reference to the above-captioned arbitration from Respondent Wood's registration records maintained by the NASD CRD; 3) costs; 4) attorneys' fees; and 5) such other relief the Panel deemed just and proper.

Respondent Wexford requested: 1) dismissal of the Statement of Claim; 2) costs; 3) attorneys' fees; and 4) such other relief the Panel deemed just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

Upon review of the file and the representations made by/on behalf of the Claimants, the Panel determined that Respondent Palagonia was properly served with the Statement of Claim and received due notice of the hearing,

and that arbitration of the matter would proceed without said Respondent present, in accordance with the NASD Code of Arbitration Procedure (the "Code").

Respondent Palagonia did not file with NASD a properly executed submission agreement but is required to submit to arbitration pursuant to the Code and is bound by the determination of the Panel on all issues submitted to the Panel.

On or about January 21, 2002, Claimants dismissed all claims with prejudice as to Respondents Prudential and Wexford.

The Panel has denied all motions to dismiss filed in this arbitration proceeding, except Respondents Prudential and Wexford's motions to dismiss as Claimants dismissed with prejudice their claims against Respondents Prudential and Wexford.

Claimants requested in their post-hearing submissions: 1) compensatory damages in the amount of $10,500,000.00; 2) punitive damages in the amount of $42,000,000.00; 4) costs in the amount of $103,196.85; 5) pre-judgment interest; and 6) a finding that each respondent violated Section 517.301, Florida Statutes. The Panel notes that Claimants did not request leave of the Panel to amend their claims, and therefore, the Panel did not grant Claimants leave to amend their claims.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondents D.H. Blair & Co., Inc., Wood and Palagonia are jointly and severally liable and shall pay to Claimants compensatory damages in the amount of $225,000.00, plus interest which shall accrue at the Florida legal rate from May 22, 1995 until the date the Award is paid in full. The Panel finds Respondents D.H. Blair & Co., Inc., Wood and Palagonia liable for breach of fiduciary duty, negligent supervision, fraud, a fraudulent scheme to defraud, intent to injure, and violation of Sections 517.301 and 768.72, Florida Statutes.

2. Respondents D.H. Blair & Co., Inc., Wood and Palagonia are jointly and severally liable and shall pay to Claimants punitive damages in the amount of $450,000.00, plus interest which shall accrue at the Florida legal rate from May 22, 1995 until the date the Award is paid in full. Punitive damages are awarded as the Panel finds that Respondents D.H. Blair & Co., Inc., Wood and Palagonia have intentionally and with knowledge performed in such a way as to cause injury and damage to Claimants, their conduct was so reckless and wanting in care as to cause danger to the rights of the persons exposed to their conduct, and the employer through Respondent Wood was aware of the conduct of its employees and knowingly participated in such conduct.

3. Respondents D.H. Blair & Co., Inc., Wood and Palagonia are jointly and severally liable and shall reimburse to Claimants the claim filing fee in the amount of $600.00 previously paid by Claimants to NASD.

4. Claimants' claims against Respondents D.H. Blair Investment Banking Corp. and Davis are denied in

NASD
Arbitration No. 00-02128
Award   Page 6 of 9

their entirety.

5.  The Panel recommends the expungement of all reference to the above captioned arbitration from Respondent D.H. Blair Investment Banking Corp.'s registration records maintained by the NASD CRD, with the understanding that pursuant to NASD Notice to Members 99-09, Respondent D.H. Blair Investment Banking Corp. must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

6.  The Panel recommends the expungement of all reference to the above captioned arbitration from Respondent Davis' registration records maintained by the NASD CRD, with the understanding that pursuant to NASD Notice to Members 99-09, Respondent Davis must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

7.  Claimants' requests for costs and attorneys' fees are deferred to a court of competent jurisdiction for final determination.

8.  Any and all claims for relief, including Respondent Wood's request for expungement, not specifically addressed herein are denied.

## **FEES**

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD will retain or collect the non-refundable filing fees for each claim:
Initial claim filing fee = $600.00

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute.

Respondent Prudential is a member firm and a party.
Member surcharge = $3,600.00
Pre-hearing process fee = $ 600.00

Respondent D.H. Blair & Co., Inc. was a member firm and a party.
Member surcharge = $3,600.00
Pre-hearing process fee = $ 600.00
Hearing process fee = $5,000.00

Respondent D.H. Blair Investment Banking Corp. is a member firm and a party.
Member surcharge = $3,600.00
Pre-hearing process fee = $ 600.00
Hearing process fee = $5,000.00

NASD
Arbitration No. 00-02128
Award   Page 7 of 9

*Respondent Wexford is a member firm and a party.*
    Member surcharge                                               = $3,600.00
    Pre-hearing process fee                              = $  600.00

**Adjournment Fees**
Adjournments granted during these proceedings for which fees were assessed:

There were no adjournments granted during these proceedings.

**Injunctive Relief Fees**
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

There were no injunctive relief fees assessed during these proceedings.

**Forum Fees and Assessments**
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) Pre-hearing session with Panel @ $1,200.00              = $ 1,200.00
Pre-hearing conference:      April 4, 2002             1 session

Twenty Three (23) Hearing sessions @ $1,200.00                = $27,600.00
Hearing Dates:
| Date | Sessions |
|---|---|
| September 9, 2002 | 2 sessions |
| September 10, 2002 | 2 sessions |
| September 11, 2002 | 2 sessions |
| September 12, 2002 | 2 sessions |
| September 13, 2002 | 2 sessions |
| September 17, 2002 | 2 sessions |
| September 18, 2002 | 2 sessions |
| September 19, 2002 | 2 sessions |
| September 20, 2002 | 2 sessions |
| October 16, 2002 | 2 sessions |
| October 17, 2002 | 3 sessions |

Total Forum Fees                                           = $28,800.00

The Panel has assessed the total forum fees in the amount of $28,800.00 jointly and severally to Respondents D.H. Blair & Co., Inc., Wood and Palagonia.

NASD
Arbitration No. 00-02128
Award   Page 8 of 9

### Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

There were no administrative costs incurred during these proceedings.

### Fee Summary

Claimants are jointly and severally liable for:
| | |
|---|---|
| Initial Filing Fee | = $ 600.00 |
| Total Fees | = $ 600.00 |
| Less payments | = $ 600.00 |
| Balance Due NASD | = $   0.00 |

Respondent Prudential is solely liable for:
| | |
|---|---|
| Member Fees | = $4,200.00 |
| Total Fees | = $4,200.00 |
| Less payments | = $4,200.00 |
| Balance Due NASD | = $   0.00 |

Respondent D.H. Blair & Co., Inc. is solely liable for:
| | |
|---|---|
| Member Fees | = $9,200.00 |
| Total Fees | = $9,200.00 |
| Less payments | = $   0.00 |
| Balance Due NASD | = $9,200.00 |

Respondent D.H. Blair Investment Banking Corp. is solely liable for:
| | |
|---|---|
| Member Fees | = $9,200.00 |
| Total Fees | = $9,200.00 |
| Less payments | = $8,700.00 |
| Balance Due NASD | = $ 500.00 |

Respondent Wexford is solely liable for:
| | |
|---|---|
| Member Fees | = $4,200.00 |
| Total Fees | = $4,200.00 |
| Less payments | = $4,200.00 |
| Balance Due NASD | = $   0.00 |

Respondents D.H. Blair & Co., Inc., Wood and Palagonia are jointly and severally liable for:
| | |
|---|---|
| Forum Fees | = $28,800.00 |
| Total Fees | = $28,800.00 |
| Less payments | = $   0.00 |
| Balance Due NASD | = $28,800.00 |

NASD
Arbitration No. 00-02128
Award   Page 9 of 9

All balances are payable to NASD and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

| | | |
|---|---|---|
| *Harold A. Greene, Esq.* | - | *Public Arbitrator, Presiding Chairperson* |
| *Robert Zelinka* | - | *Public Arbitrator* |
| *David Barth, CFA* | - | *Non-Public Arbitrator* |

### Concurring Arbitrators' Signatures

/s/
Harold A. Greene, Esq.
Public Arbitrator, Presiding Chairperson

January 29, 2003
Signature Date

/s/
Robert Zelinka
Public Arbitrator

January 29, 2003
Signature Date

/s/
David Barth, CFA
Non-Public Arbitrator

January 29, 2003
Signature Date

January 30, 2003
Date of Service  (For NASD use only)

NASD
Arbitration No. 00-02128
Award   Page 9 of 9

All balances are payable to NASD and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

*Harold A. Greene, Esq.* — *Public Arbitrator, Presiding Chairperson*
*Robert Zelinka* — *Public Arbitrator*
*David Barth, CFA* — *Non-Public Arbitrator*

Concurring Arbitrators' Signatures

_____
Harold A. Greene, Esq.
Public Arbitrator, Presiding Chairperson

1/29/03
Signature Date

_____
Robert Zelinka
Public Arbitrator

_____
Signature Date

_____
David Barth, CFA
Non-Public Arbitrator

_____
Signature Date

_____
Date of Service (For NASD use only)

NASD
Arbitration No. 00-02128
Award   Page 9 of 9

All balances are payable to NASD and are due upon receipt pursuant to Rule 10330(g) of the Code.

**ARBITRATION PANEL:**

| | |
|---|---|
| Harold A. Greene, Esq. | Public Arbitrator, Presiding Chairperson |
| Robert Zelinka | Public Arbitrator |
| David Barth, CFA | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

_____
Harold A. Greene, Esq.
Public Arbitrator, Presiding Chairperson                    _____
                                                             Signature Date

_____                                    1/29/2003
Robert Zelinka                                               _____
Public Arbitrator                                            Signature Date


_____                                    _____
David Barth, CFA                                             Signature Date
Non-Public Arbitrator


_____
Date of Service (For NASD use only)

NASD
Arbitration No. 00-02128
Award   Page 9 of 9

All balances are payable to NASD and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

Harold A. Greene, Esq.  — Public Arbitrator, Presiding Chairperson
Robert Zelinka        — Public Arbitrator
David Barth, CFA      — Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____
Harold A. Greene, Esq.
Public Arbitrator, Presiding Chairperson

_____
Signature Date

_____
Robert Zelinka
Public Arbitrator

_____
Signature Date

_____
David Barth, CFA
Non-Public Arbitrator

1/29/03
Signature Date

_____
Date of Service (For NASD use only)