

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

```
JM:MLY                              271 Cadman Plaza East
F.#1998R01011                       Brooklyn, New York 11201
```

February 15, 2012

By Hand and ECF

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Alfred Palagonia, et al.
             Criminal Docket No. 00-196 (ILG)

Dear Judge Glasser:

      The government respectfully writes in response to the motion of Ernest Gottdeiner, Judith Gottdiener, Ervin Tausky and Suan Investments (the "Victims") for participation in restitution imposed on defendant Alfred Palagonia. (Docket No. 528). On December 4, 2002, the Court ordered the defendant to pay restitution in the amount of $20 million for the victims of his conviction for count nine of the above-captioned indictment, which charged a securities fraud conspiracy relating to U.S. Bridge of New York. The restitution amount was re-imposed at sentencing following revocation of the defendant's supervised release. (Docket No. 526). Here, the Victims seek restitution for losses associated with two stocks, U.S. Bridge of New York and Holly Bridge Products, Inc. Specifically, the Victims seek $367,914.15 for losses relating to U.S. Bridge of New York, and $145,605.75 for losses relating to Holly Bridge Products.

      The government has not been able to locate the names of the Victims in the case files, and so cannot independently verify their claims. As an initial matter, however, the government notes that defendant Palagonia was not convicted of a conspiracy or scheme relating to Holly Bridge Products, and the fraud associated with that stock does not appear to have been proven in a <u>Fatico</u> hearing or mentioned in the judgment. Restitution in defendant Palagonia's case is therefore confined to the losses associated with the U.S. Bridge of New York conspiracy and cannot encompass the Victims' Holly Bridge Products claim. 18 U.S.C. § 3663A(a)(2).

      In support of their claims, the Victims rely on a judgment against defendant Palagonia filed in the Southern

District of New York following an arbitration award from the former National Association of Securities Dealers (NASD).  The judgment lists a dollar amount, $1,412,792.47, but does not list a loss amount for particular securities, nor does it list the names of the securities.  However, the Victims' motion papers include, as Exhibit C, their pleadings in the NASD proceeding, and those pleadings include a spreadsheet with trading data.  (Docket No. 528-4).  The final page of that spreadsheet lists trades in U.S. Bridge of New York.  By comparing the purchase prices and sales prices, the government calculates the Victims' loss at $323,517.48.  The government therefore concludes that the Victims' submission provides a basis for a claim of $323,517.48 in restitution.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:     /s/
Michael L. Yaeger
Assistant U.S. Attorney
(718) 254-6075