August 6, 2012

Hon. I. Leo Glasser
United States District Court
Eastern District of New York
225Cadman Plaza East
Brooklyn, NY 11201

Re:   U.S. v. Alfred Palagonia
      Criminal Case No.: 00 CR 196 (ILG)
      Our File No.: 5332.000

Dear Judge Glasser:

    The Estate of Ernest and Judith Gottdiener, Ervin Tausky and Suan Investments, Inc. (the "Victims"), and the government write jointly in response to the Court's directive at the last conference on July 30, 2012. In lieu of further litigation, the Victims and the government have negotiated submission of this joint submission and agree that the Victims are entitled to restitution in the amount of $1,250,000.00 for all of their stock losses described in the Indictment, plus $50,000.00 as and for their attorney's fees related to the criminal proceeding, for a total amount of $1,300,000.00.

    The Victims contend that, pursuant to the holdings in United States v. Lomas, 392 Fed. Appx. 122, 2010 WL 3034086 (4th Cir. 2010) and United States v. Elson, 577 F.3d 713 (6th Cir. 2009), this Court has the discretion to Order restitution for the Victims' losses concerning both U.S. Bridge of NY, Inc. and Holly Products, Inc. This is because Count Nine of the Indictment, to which Palagonia pleaded guilty, incorporates the introductory paragraphs "1-27" in the Indictment, which describe a scheme that involves Holly Products, not simply U.S. Bridge of NY. Further, the Victims note, the Court Ordered Palagonia to make restitution in the amount of $20.0 Million which was the low end of the losses suffered by all victims regarding all stocks in the Indictment according to the Pre-Sentencing Report, which estimated the losses related to all stocks at $20.0 Million to $35.0 Million.

    Regarding the rate of interest on the judgment, the victims seek a rate based on a "well managed account" theory of investment account losses pursuant to the holding in United States v. Scott, 321 Fed. Appx. 71, 2009 WL 983032 (2d Cir. 2009). Using that method, the Victims calculate their losses at $1,979,249.00. Alternatively, by applying an interest rate of 9% per annum to their losses pursuant to the holding in U.S. v. Jaffee, 314 F.Supp.2d 216, (2004), aff'd 417 F.3d 259 (2d Cir. 2005), the Victims calculate their losses at $1,270,842.16. The Victims also sought reimbursement for their attorney's fees related to this criminal proceeding in the amount of $47,620.00, plus additional fees related to the preparation for an attendance at the hearing held on July 30, 2012.

Hon. I. Leo Glasser<br>
August 6, 2012<br>
Page 2

In lieu of further litigation, however, the Victims and the government agree that the Victims are entitled to restitution in the amount of $1,250,000.00 for all of their stock losses described in the Indictment, plus $50,000.00 as and for their attorney's fees related to the criminal proceeding, for a total amount of $1,300,000.00.

Thank you for your time, attention and consideration to this matter.

        Respectfully submitted,

        HACKER & MURPHY, LLP

By: *John F. Harwick s/khk*
    John F. Harwick
    Bar Roll No.: JH5253
    jharwick@hackermurphy.com
    Direct Line: (518) 213-0113


        Respectfully submitted,

        LORRETTA E. LYNCH
        United States Attorney
        Eastern District of New York

By:    /s/
    Michael L. Yaeger
    Assistant U.S. Attonrey
    (718) 254-6075

JFH/khk